UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jarreit Bellamy, | ) | Civil Action No.: 4:19-cv-01673-RBH-KDW |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Ofc. Dewitt, Sgt. Grate, Ofc. John Doe, Horry County Police Department, and Horry County SWAT Division, | ) | |
| Defendants. | ) | |

This matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, who recommends granting a partial motion to dismiss, dismissing Defendants Horry County Police Department and Horry County SWAT Division, and allowing the case to proceed against Defendants Dewitt and Grate in their individual capacities.[1] *See* ECF No. 53.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.).

No parties have filed objections to the R & R, and the time for doing so has expired.[2] In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

Having reviewed the record for clear error, the Court **ADOPTS IN PART** the Magistrate Judge's Report and Recommendation [ECF No. 53],[3] **GRANTS** the pending motion to dismiss [ECF No. 38], **DISMISSES** Defendants Horry County Police Department and Horry County SWAT Division

---

[2] Defendants' objections were due by November 6, 2019, and Plaintiff's objections were due by November 12, 2019. *See* ECF Nos. 53 & 54.

[3] The Court respectfully declines to adopt the portion of the R & R recommending that Defendants Dewitt and Grate are entitled to Eleventh Amendment immunity in their official capacities. *See* R & R at pp. 4–5. Plaintiff's complaint alleges Defendants Dewitt and Grate were employed by the Horry County Police Department, *see* ECF No. 1 at pp. 2–3; ECF No. 1-2 at p. 1, and "allegations of actions committed by Horry County Police Officers may be attributable to Horry County and are relevant to the issue of municipal liability of Horry County under [42 U.S.C.] § 1983." *Southern Holdings, Inc. v. Horry Cty.*, No. 4:02-cv-01859-RBH, 2007 WL 896111, at *1 (D.S.C. Mar. 21, 2007) (explaining that "the Horry County Police Department and [the] Horry County Sheriff's Department are separate, unrelated agencies" and that "[t]he Horry County Police Department is an arm or agency of Horry County"—not the State of South Carolina); *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978) ("[L]ocal government officials sued in their official capacities are 'persons' under § 1983 in those cases in which, as here, a local government would be suable in its own name."). Defendants Dewitt and Grate correctly recognize this distinction in their motion to dismiss. *See* ECF No. 38 at pp. 6–7. Here, even when liberally construed, Plaintiff's complaint does not allege an unconstitutional policy, practice, or custom by the Horry County Police Department, and therefore the Court will dismiss his official capacity claims against Defendants Dewitt and Grate—as well as Defendant John Doe (an unnamed Horry County Police Department officer who is sued in both his individual and official capacity)—for failure to state a *Monell* claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (providing that when a plaintiff is proceeding in forma pauperis, a court may dismiss "at any time" an action that fails to state a claim); *id.* § 1915A(b)(1) (same for prisoner complaints)).

The Court further notes Plaintiff's individual capacity claims against Defendant John Doe remain pending. *See generally Massey v. Ojaniit*, 759 F.3d 343, 347 n.1 (4th Cir. 2014) ("[I]f it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court, the court could dismiss the action without prejudice[.]" (quoting *Schiff v. Kennedy*, 691 F.2d 196, 198 (4th Cir. 1982))).

*with prejudice*, and **DISMISSES** Plaintiff's official capacity claims against Defendants Dewitt, Grate, and Ofc. John Doe *with prejudice* for failure to state a claim. **This case will proceed against Defendants Dewitt, Grate, and Ofc. John Doe in their individual capacities.**

**IT IS SO ORDERED.**


Florence, South Carolina  s/ R. Bryan Harwell
November 26, 2019  R. Bryan Harwell
Chief United States District Judge