UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jarreit Bellamy, | ) | Civil Action No.:  4:19-cv-01673-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Ofc. Dewitt, Ofc. Sgt. Grate, and John Doe, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, who recommends granting Defendants Dewitt and Grate's motion for summary judgment and dismissing Plaintiff's claims against them.[1]  *See* ECF No. 94.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

No parties have filed objections to the R & R, and the time for doing so has expired.[2]  In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).

[2] Defendants Dewitt and Grate's objections were due by June 18, 2020, and Plaintiff's objections were due by June 22, 2020.  *See* ECF Nos. 94 & 95.  Plaintiff is no longer a prisoner, *see* ECF No. 68; ECF No. 74 at p. 3 n.2, and therefore the prison mailbox rule, *see Houston v. Lack*, 487 U.S. 266 (1988), is inapplicable.

Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

Having found no clear error,[3] the Court **ADOPTS** the Magistrate Judge's R & R [ECF No. 94], **GRANTS** Defendants Dewitt and Grate's motion for summary judgment [ECF No. 74], and **DISMISSES *WITH PREJUDICE*** Plaintiff's claims against Defendants Dewitt and Grate. The Court **DISMISSES *WITHOUT PREJUDICE*** Plaintiff's claims against Defendant John Doe[4] and **DIRECTS** the Clerk to enter judgment and close this case.

**IT IS SO ORDERED.**

Florence, South Carolina                                             s/ R. Bryan Harwell
June 23, 2020                                                               R. Bryan Harwell
                                                                                    Chief United States District Judge

---

[3] The Magistrate Judge correctly explains the Fourteenth Amendment governs Plaintiff's claims against Defendant Dewitt. *See* R & R at pp. 13, 16. In addition to the law cited by the Magistrate Judge, the Court notes the Supreme Court's decision in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)—not cited in the R & R—is the most appropriate benchmark for analyzing Plaintiff's excessive force claim. *See generally Waters v. Stewart*, No. 4:15-cv-04143-RBH, 2019 WL 1146685, at *6–7 (D.S.C. Mar. 13, 2019) (discussing the *Kingsley* factors), *aff'd*, 776 F. App'x 134 (4th Cir. 2019). The Court has considered the *Kingsley* factors and agrees with the Magistrate Judge that Plaintiff's excessive force claim cannot survive summary judgment.

[4] The Court dismisses Defendant John Doe without prejudice because discovery has ended and Plaintiff never substituted a named defendant in place of Doe. *See Attkisson v. Holder*, 925 F.3d 606, 625–28 (4th Cir. 2019) (recognizing a court may sua sponte dismiss a John Doe defendant without prejudice "if it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court" (citing *Schiff v. Kennedy*, 691 F.2d 196, 198 (4th Cir. 1982))); *Massey v. Ojaniit*, 759 F.3d 343, 347 n.1 (4th Cir. 2014) (same).